**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

**ANGIE M PERDOMO REYNAUD**,

   *Petitioner*,

  v.

**TODD LYONS**, *et al.*,

   *Respondents*.

No. 26-cv-05905

**ORDER**

---

  **THIS MATTER** comes before the Court by way of a Petition for Writ of Habeas Corpus, (ECF No. 1), and the Court's prior May 26, 2026, Order, (ECF No. 3). For the reasons stated on the record and to further be set forth in a forthcoming Opinion,

  **IT IS** on this 1st day of June, 2026,

  **ORDERED** that Petitioner's § 2241 Petition is **GRANTED**; Respondents shall **on this date IMMEDIATELY RELEASE** Petitioner under the same conditions, if any, that existed prior to her detention, including, but not limited to, release: (1) at the Delaney Hall Detention Facility; (2) without the imposition of additional conditions (such as ankle monitors or electronic tracking devices); and (3) with all clothing and outerwear worn at the time of initial arrest, or other appropriate attire; and it is further

  **ORDERED** that Respondents shall return to Petitioner all personal property belonging to Petitioner—including, but not limited to, any driver's license, passport, immigration documents, currency, or cellphone—that was seized at the time of initial arrest and that is currently in their custody, possession, or control, whether maintained directly by Respondents or by any contracted or affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to Petitioner's arrest; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date, time, and location of Petitioner's release and certifying that the conditions set forth above have been satisfied; and it is further

**ORDERED** that Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under 8 U.S.C. § 1231(a) based on the same final order of removal unless and until: (1) Petitioner's grant of deferred action is revoked after proper notice and an opportunity to be heard; or (2) Respondents establish, after proper notice and an opportunity to be heard, that Petitioner presents a flight risk or danger sufficient to justify renewed detention. In the latter circumstance, Respondents shall bear the burden of proof by clear and convincing evidence; and it is further

**ORDERED** that any future detention of Petitioner must comply with all statutory and constitutional requirements, including the identification of a lawful statutory basis for detention and the provision of adequate procedural and substantive due process; and it is further

**ORDERED** that, to the extent that Respondents re-arrest or otherwise re-detain Petitioner under any statutory authority, including but not limited to § 1231, this Court shall retain jurisdiction over the matter and Petitioner may move to reopen these proceedings before this Court without the need to file a new habeas petition; and it is further

**ORDERED** that Petitioner shall advise the Court if they intend to file any application for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, within fourteen (14) days of the entry of this Order. *See Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 421–22 (3d Cir. 2026); and it is further

**ORDERED** that this Order is entered to effectuate the Court's oral ruling and to secure Petitioner's immediate release. The Court will separately issue a written Opinion and accompanying final Order setting forth its findings of fact and conclusions of law, and the time for

filing any notice of appeal shall run from the entry of that written Opinion and accompanying final Order.

_____
**CHRISTINE P. O'HEARN**
**United States District Judge**